GRAND RAPIDS VENEER WORKS, Appellant, *v.* GEORGE E. FORSYTHE and Another, Respondents.

*Parol evidence — at variance with the terms of a written instrument — recovery for goods sold and delivered — proof that the order and contract were based on samples shown.*

Parol evidence is not, as a rule, admissible to contradict a written contract nor is it admissible where the writing appears to constitute a complete and perfect agreement, but this rule does not apply where the original contract is verbal and entire, and a part only is reduced to writing, nor does it apply to collateral undertakings.

It was shown upon the trial of an action, brought to recover the value of goods sold and delivered, that the negotiations had between the parties were oral, by the presentation of samples, in pursuance of which a written order was given in the following terms:

"BROOKLYN, N. Y., *June 29th*, 1891.

"GRAND RAPIDS VENEER WORKS, Grand Rapids, Mich.:

"Order Book No. 1437.

"DEAR SIRS. — Please ship us at once 1 carload 1-20″ Birch Squares composed of 1300 squares 16x16 and balance of equal parts of 14x14 & 15x15. To be dry, flat and cut smooth without fractures, and at least ⅓ d. white faces. Price $2.75 M. 4 mos. note.

"Yours truly,
"FORSYTHE & CO.

"We pay ⅓ freight.
"F. & Co.

"You may send samples of your 1-20 & 1-15″ Birch sheets, say 36″ grain, & also of Shaved Quar. Oak 1-20″."

*Held,* that as the order contained no covenants on the part of the vendor, and was not executed by it or its agent, it was not in form an agreement, and did not constitute a contract except by acceptance by the vendor;

That as the contract of sale was executory, the vendee having no knowledge of the character of the goods save by the samples, it was permissible to show that the order and contract were based on the samples shown and that the sale was by sample.

APPEAL by the plaintiff, the Grand Rapids Veneer Works, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 19th day of December, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order made at the Kings County Circuit on the 14th day of December, 1893, denying the defendants' motion for a new trial made upon the minutes.

*Estes, Barnard & Tiffany,* for the appellant.

*J. Stewart Ross,* for the respondents.

CULLEN, J.:

This is an appeal from a judgment for the defendants entered upon the verdict of a jury and an order denying plaintiff's motion for a new trial. The action is to recover the price of squares of veneer shipped to defendants under an executory contract of sale. The defendants refused to accept the goods on the ground that they did not comply with the contract, and counterclaimed for an amount of freight paid by them.

We are strenuously urged to set aside the verdict on the ground that it is against the weight of evidence. Our examination of the evidence leads us to no such conclusion. There was a fair question of fact whether the goods complied with the order or not, and the question was fairly submitted to the jury under a charge to which no exception was taken. The verdict must, therefore, stand unless there was legal error in the conduct of the trial. In this respect there is but one question that needs discussion.

The contract between the parties, so far as it was in writing, consisted of an order given by defendants to the plaintiff's agent Theis and a series of letters and telegrams following. The defendants in their answer alleged that the sale was made by samples on the representation of the agent that the goods were of a superior quality

and equal to the sample.    Thereupon the defendants gave the agent an order in these terms :

"BROOKLYN, N. Y., *June 29th*, 1891.

" GRAND RAPIDS VENEER WORKS, Grand Rapids, Mich. :

" Order Book No. 1437.

" DEAR SIRS.—Please ship us at once 1 carload $\frac{1}{20}$" Birch Squares, composed of 1300 squares 16x16 and balance of equal parts of 14x14 & 15x15.    To be dry, flat and cut smooth without fractures, and at least $\frac{1}{8}$ d. white faces.    Price, $2.75 M.    4 mos. note.

" Yours truly,

" FORSYTHE & CO.

" We pay $\frac{1}{2}$ freight.    F. & Co.

" You may send samples of your $\frac{1}{20}$ & $\frac{1}{15}$" Birch sheets, say 36" grain, & also of Shaved Quar. Oak, $\frac{1}{20}$"."

The subsequent correspondence is not material on the question now presented.    On the trial the defendants were permitted to prove against plaintiff's objection and exception the conversation and transaction between Theis and defendants at the time of giving the order.    The appellants claim that this ruling was erroneous.

The question of how far parol evidence is admissible to vary a written contract is often very difficult to determine.    It may be laid down as a rule that it is not admissible to contradict the written contract nor where the writing appears to be a complete and perfect agreement.    (*Eighmie* v. *Taylor*, 98 N. Y. 288.)

But the rule does not apply where the original contract is verbal and entire and a part only reduced to writing nor to collateral undertakings.    (*Chapin* v. *Dobson*, 78 N. Y. 75.)

We think that this case falls within the exception to the rule first named.    The negotiation was had orally and by the presentation of the sample.    In pursuance of it a written order was given.    This order was not in form, an agreement.    It contained no covenants on the part of the vendor and was not executed by Theis, and, therefore, could not constitute a contract except on acceptance by the plaintiff.    The contract of sale was executory ; the vendee had no knowledge of the character of the goods save by the sample.    We think that in such a case under the authorities cited it was permissible to show that the order and contract were based on samples shown and that the sale was a sale by sample.

The judgment and order denying new trial appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment and order affirmed, with costs.