, The Atlas Shoe Company, Respondent, *v.* David Lewis,
Appellant.

Third Department, July 6, 1922.

Sales — action for purchase price of shoes sold by description — oral
understanding that buyer could return shoes if not as described — ship-
ment not to be made later than October first — order blank contained
every essential of contract except not signed by either party — shoes
delivered to express company by seller September thirteenth — defend-
ant wrote two letters referring to order and stating he had not received
shoes — shipment earlier than October first not violation of contract —
order blank and defendant's letters together sufficient memorandum'
to satisfy Statute of Frauds — title to shoes passed under Personal
Property Law, § 127, upon delivery to express company and buyer liable
for price — Personal Property Law, § 100, rule 3, subds. 1 and 2, applied
— no sale " on approval, or on trial or on satisfaction " — delivery " on
sale or return."

In an action for the purchase price of certain shoes sold by description, shipped by
the seller by express and lost in transit, where the defenses were that the goods
were not shipped at the agreed time, the Statute of Frauds, and that title did
not pass to the buyer, the buyer was properly held liable, where it appeared that
there was an oral understanding that the buyer might return the shoes if they
proved other than as described, and that they were not to be shipped later than
October first; that the order blank contained the essentials of a contract except
that it was not signed by either party; that the seller on September thirteenth
delivered the shoes to an express company properly consigned to the buyer, at
the same time placing the proper value on the shipment, and sending a bill which
read like the order blank and which the buyer received, and that the buyer wrote
a letter stating that he had received the bill but had not received the goods and
requesting the seller's attention to the matter, and later another letter referring
to the order and demanding its cancellation, for shipping earlier than October
first was no violation of the agreement not to ship later than that date.

The order blank and the buyer's letters considered together constituted a sufficient
memorandum to satisfy the Statute of Frauds, and under section 127 of the
Personal Property Law title passed to the buyer upon delivery of the goods to
the express company, subject to the condition that if not in accordance with
representations, they might be returned. .

There was not a sale " on approval or on trial or on satisfaction," within the
meaning of subdivision 2 of rule 3 of section 100 of the Personal Property Law.

Assuming that the sale was by sample, the testimony indicates " an intention to
make a present sale, but to give the buyer an option to return the goods,"
within the meaning of subdivision 1 of rule 3 of section 100 of the Personal
Property Law, relating to a delivery " on sale or return."

H. T. Kellogg and Kiley, JJ., dissent.

Appeal by the defendant, David Lewis, from a judgment of the
County Court of the county of Chemung in favor of the plaintiff,
entered in the office of the clerk of said county on the 2d day of June,
1921, upon the verdict of a jury rendered by direction of the court.

Trial was originally had in the City Court of Elmira, N. Y., resulting in a dismissal of the complaint. A new trial was had in the Chemung County Court and at the close of the case the defendant renewed a motion to dismiss the complaint on the grounds urged at the close of the plaintiff's case which had been denied, the important grounds being a failure to prove facts sufficient to constitute a cause of action, a failure to prove shipment of goods in accordance with the order therefor and that the contract was void under the Statute of Frauds. This motion was denied and the defendant excepted. The court then granted a motion for the direction of a verdict for the plaintiff and refused the request of the defendant to submit certain questions to the jury, to which the defendant excepted.

*J. Walter Heffernan,* for the appellant.

*Babcock & Gregg* [*William W. Gregg* of counsel], for the respondent.

HINMAN, J.:

This case involves the sale and delivery of a dozen pairs of shoes ordered by the defendant of the plaintiff by sample or description which the plaintiff delivered to the express company at Boston, Mass., consigned to the defendant at Elmira, N. Y., but which were lost in transit. The plaintiff claims that title to the goods passed to the defendant upon delivery to the express company and that the defendant is liable for the agreed price for the goods with remedy over against the express company for the loss. The contention of the defendant is that there was only a sale on approval within section 100, rule 3, subdivision 2, of the Personal Property Law (as added by Laws of 1911, chap. 571), and that title did not pass, because the goods had not been received and had not been approved. The defendant further contends that the goods were shipped on September thirteenth, whereas the order for the goods was for a shipment October first. There is a further claim on the part of the defendant that there was no note or memorandum in writing of the contract for the sale of the shoes, signed by the defendant, sufficient to satisfy the Statute of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.)

Taking the testimony most favorable to the contention of the defendant, as we are bound to do in view of the direction of the verdict for the plaintiff, we find that the plaintiff's salesman called upon the defendant at his store in the city of Elmira, N. Y., on August 27, 1919, having with him a sample of a five-dollar shoe and a book containing a picture of a certain style of shoe selling for eight dollars and fifty cents. Plaintiff's salesman said that the shoes were a great bargain and were sold only in dozen lots, " but

I can't deliver them to you before October first." Defendant testified: " He kept telling me how great the shoe was, so I bought twelve pairs from him. I told him if that ain't the shoe that I will not accept them but I will return them right back. He said 'All right, sir.' On that condition you can send twelve pair." And again defendant said: " If that ain't the shoe I can return them right back; if they wasn't what he said; he said he can't ship them to me before October first. I did ask him if that was the same shoe I had from him before. I had a lot of trouble with these people [plaintiff]; they wouldn't take them back and they wasn't the shoe they sold me; I told him that is the reason I don't want to do that; he said, ' we will take him right back if that isn't the shoe; you can return them; if that isn't the shoe you can return them right back.' I said: 'All right.' " The defendant also admitted having testified at the previous trial as follows, which testimony he said was correct: " I told him I don't want it any later than October first; not any later. ' If that shoe ain't the one you describe I will return them back.' He agreed to that. He said: ' you can return them right back if that isn't the way I describe to you.' " And when asked again by his counsel on redirect examination as to what the salesman had agreed to, defendant said: " If the shoe isn't way that is described by him I can return them right back." It is conceded that as a result of these negotiations the salesman obtained defendant's order for twelve pairs of these shoes. The order was not signed by the defendant but was made out by the salesman on a regular form in triplicate, the original order being sent by him to the plaintiff, one copy being retained by him and one copy being handed to the defendant. This written order contained the name of the buyer and of the seller, the kind and quantity of goods, the price and every essential element of a contract except that it was not signed by either party. It provided in part as follows: " When ship October 1st–Date sold August 27, 1919–Sold to D. Lewis & Company, 416 E. Water St., Elmira, N. Y." The goods are described by lot No. " 397," giving the number of pairs, the description of the shoe, the width, sizes and the price, making a total price of $102.

On September 13, 1919, the plaintiff delivered to the express company at Boston, Mass., twelve pairs of shoes claimed by the plaintiff to meet this description and valued at $102, consigned to the defendant at Elmira, N. Y. At the time of shipping plaintiff placed a value on the shipment at $102. A bill was sent by the plaintiff to the defendant for such goods which the defendant admits having received which read just like the carbon copy of the order left in the defendant's store at the time of the order, calling for the

payment of $102 for these twelve pairs of shoes, lot No. 397. On September thirtieth the defendant wrote to plaintiff as follows: " I have also received a bill sometime ago for the twelve pair of shoes, lot No. 397, which I did not receive yet. Kindly attend to same." On October 4, 1919, plaintiff replied to defendant's letter of September thirtieth in part as follows: " Replying to your letter of September 30th, advising us that you have not as yet received twelve pairs of stock No. 397. Have received bill and wish to advise that under date of September 13th we forwarded via American Railway Express, one fibre box containing twelve pairs valued at $102." In that letter the plaintiff also stated that it was taking up the matter with the transportation company asking them to trace and deliver to the defendant at once. The plaintiff also in its letter requested the defendant to advise it if the goods were not received as in that event the plaintiff would forward the necessary papers for the defendant to make out a claim against the transportation company and indicated to the defendant that it would hold the defendant liable for the shipment. On October 15, 1919, the defendant wrote to the plaintiff as follows: " In reply to yours of October 4th wish to state that we haven't received our order for stock No. 397 and advise that you cancel said order as we did not receive them at a reasonable time." After considerable correspondence in which the plaintiff insisted upon the payment of the account by the defendant and offering to assist in the prosecution of a claim on behalf of the defendant against the express company, this action was commenced.

Under our holding in the case of *Delaware Mills, Inc.*, v. *Carpenter Bros., Inc.* (200 App. Div. 324) parol evidence was admissible to identify the order slip setting forth the terms of the sale and to prove the circumstances under which it was prepared and a carbon copy left with the defendant. Defendant's letters of September thirtieth and October fifteenth constituted tacit admissions of the order and with it fully satisfied the Statute of Frauds. The memorandum required by the statute " may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion." (*Marks* v. *Cowdin*, 226 N. Y. 138, 145. See, also, *Spiegel* v. *Lowenstein*, 162 App. Div. 443, 448; *Wiarda & Co.* v. *Independent Chemical Co.*, 162 N. Y. Supp. 158.)

All of the essential elements of a contract of sale were incorporated in the order slip, which the defendant concedes he received at the time of the negotiations. The plaintiff relies upon the terms as therein set forth. The defendant seeks to import into the contract an element of promise not disclosed by the order slip. The

contention of the defendant is that it was a sale on approval, that under section 100, rule 3, subdivision 2, of the Personal Property Law (as added by Laws of 1911, chap. 571), title to the goods did not pass when the shoes were delivered to the carrier and that, therefore, the defendant is not responsible for the price of the goods which were lost in transit. We think it was not a sale " on approval or on trial or on satisfaction " within the meaning of that rule. The fact that defendant, on his cross-examination, characterized the sale as one " on approval " by saying, " I ordered from the picture, subject to my approval. * * . * That means that they would take them back; they would have to have my approval before I accept them," did not make it such. It was a characterization contrary to the facts proved so far as the meaning of the rule in question is concerned. The facts taken from the defendant's own lips, showing just what was said, do not reveal a conditional agreement to purchase at a future time, if he liked them, or if, after trial, they satisfied his particular taste, without regard to any particular represented quality as the determining factor. On the contrary, the agreement was simply that he should be permitted to return them if they did not measure up to the description. In that case title passed upon delivery to the carrier (Pers. Prop. Law, § 127, as added by Laws of 1911, chap. 571), subject to the condition that if not in accordance with representations, they might be returned. The sale was completed, with nothing further for the plaintiff to do after shipment. Assuming that the sale was a sale by sample and that the agreement was only partly reduced to writing, so as to permit the defendant to prove by parol testimony that such was the case (*Grand Rapids Veneer Works* v. *Forsythe*, 83 Hun, 230) we think the testimony indicates " an intention to make a present sale, but to give the buyer an option to return the goods " and that the case comes within rule 3, subdivision 1, of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), relating to a delivery " on sale or return." (See *Cronk & Carrier Mfg. Co.* v. *Galbraith Milling Co.*, 197 App. Div. 568.)

It is also apparent that it was not a violation of the contract of sale within the contemplation of the parties for the plaintiff to have shipped the goods on September thirteenth instead of waiting until October first. According to the defendant's own testimony, the latter date was not of the essence of the contract to his prejudice, so far as an earlier shipment was concerned. He says: " I told him I don't want it any later than October first; not any later," and there is no evidence that he was in any way prejudiced by a slightly earlier shipment.

The plaintiff, in shipping the goods, reasonably protected the defendant by declaring their full value upon delivery to the carrier and the remedy of the defendant was to pay for the goods and pursue his remedy against the carrier.

The judgment of the County Court should be affirmed, with costs.

All concur, except H. T. KELLOGG and KILEY, JJ., dissenting.

Judgment affirmed, with costs.