JAMES TALCOTT, INC., Respondent, *v.* OSCAR GREENSTEIN and Another, Copartners, Trading as GREENSTEIN & PELZ, Appellants.

First Department, November 14, 1924.

Sales — action for breach of contract by buyer — defense of Statute of Frauds — complaint properly dismissed, since contract alleged was not signed by defendants — bill of particulars cannot change cause of action — letters referring to another contract not sufficient to take contract out of Statute of Frauds.

In an action by the assignee of a seller to recover damages for the refusal of the buyer to accept the goods, the court properly dismissed the complaint, since

it appears that the plaintiff relied on an alleged written contract which was not signed by the defendants.

Since the complaint unequivocally sets forth an alleged contract in writing between the parties for the sale of goods, the bill of particulars cannot change the cause of action to one on a contract partly in writing and partly oral.

The several letters written by the parties will not take the contract in suit out of the Statute of Frauds, since the letters written by the defendant distinctly refer to another contract and not to the one contained in the writing, and, therefore, they are not connected with the alleged written contract on which the action is based.

APPEAL by the defendants, Oscar Greenstein and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of November, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of November, 1923, denying the defendants' motion for a new trial made upon the minutes.

*Henry, Meyers & Manne* [*Louis Ehrenberg* of counsel; *Samuel Okin* with him on the brief], for the appellants.

*Howard Campbell, Jr.* [*George J. McDonnell* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover damages for an alleged breach of a contract by defendants to purchase certain merchandise from plaintiff's assignor. The complaint alleges:

" *Third.* That on or about the 9th day of September, 1920, one Louis N. Levinsohn and defendants entered into a certain contract in writing, whereby Louis N. Levinsohn agreed to sell and deliver to the defendants during the months of October and November, 1920, seven thousand (7,000) dozen number 280 and number 282 men's soft finished handkerchiefs, and in consideration thereof, the defendants agreed to accept the same from Louis N. Levinsohn, and to pay therefor the sum of seventy-two and one-half cents ($.72½) per dozen for three thousand (3,000) dozen number 282 and sixty-two and one-half cents ($.62½) per dozen for four thousand (4,000) dozen number 280."

Allegations then follow of the assignment in writing of this contract to plaintiff, which duly performed all the conditions thereof, except as waived by defendants, and which was at all times between October 18 and November 30, 1920, ready and willing to deliver to defendants the 7,000 dozens of handkerchiefs, and between said dates duly tendered the same to the defendants, who refused to accept the same or any part thereof, or to pay therefor.

Plaintiff's bill of particulars set forth that " the contract alleged in paragraph ' Third ' of the complaint was part in writing and part oral and following hereto is a copy of so much of said contract as is in writing.

" ' Order No. 320                                    Date 9 /9 1920.
" ' M. L. N. LEVINSOHN        320 Broadway, N. Y.
    " ' Ship to Greenstein & Pelz
        at 30 Irving Place, N. Y. C.
" ' How ship
            " ' Terms 2 /10 — 60        When Oct. Nov.
" ' Salesman                    Buyer
        68 x 72 Mens Soft Finish Hdkfs — 1 /4
                hems 3000 doz                        72½
        #282 10 y Long fold Bdles Size
                16½ x 17 —
        60 x 48 Mens Soft finish Hdkfs — 1 /4
                hems 4000 doz                        62½
        No. 280 10 y long fold bdles Size
                16½ x 17
        L. N. Levinsohn

                    " ' GREENSTEIN & PELZ
                        " ' 30 Irving Place
                            " ' New York
                                        " ' *Oct. 16th,* 1920.
" ' LOUIS N. LEVINSOHN,
        " ' 320 Broadway,
            " ' New York City:
    " ' DEAR SIR.— Kindly. cancel balance of all goods that you owe us, as same was to be delivered at once and we cannot wait for them any longer.
                " ' Very truly yours,
                    " ' GREENSTEIN & PELZ,
" ' AK /ST                            By: O. GREENSTEIN ·

                                    " ' *Oct. 18th,* 1920.
' ' GREENSTEIN & PELZ,
        " ' 30 Irving Place, N. Y.:
    " ' GENTLEMEN.— Replying to your letter of the 16th inst. regret that we cannot comply with your request to cancel your order placed on September 9th, 1920, the handkerchiefs are now in work for your order and will be delivered as instructed, namely October and November.
                    " ' Very truly yours,

" ' *Oct.* 26, 1920.

" ' JAMES TALCOTT, INC.,
            " ' 225 Fourth Ave.,
                    " ' New York City:

" ' GENTLEMEN.— Referring to the enclosed bill just received, we beg to advise that although we have not yet received goods referred to, we will not accept them when they arrive as this order has already been cancelled.

            " ' Very truly yours,
                    " ' GREENSTEIN & PELZ,
" ' LSP /ST                              By: LEON S. PELZ

---

" ' *Oct* 27, 1920

" ' Messrs GREENSTEIN & PELZ,
            " ' 30 Irving Place,
                    New York City:

" ' DEAR SIRS.— Have before me yours of the 26th inst. and contents noted.   Same referred to our Mr. Levinsohn for attention.

" ' He gave us to understan1 that this merchandise was ordered for October and November delivery and that he will not accept cancellation.   We, therefore, return invoice herewith and we will be pleased to have you remit, in accordance with terms thereon.

            " ' Yours truly,
" ' GSW /MD                              JAMES TALCOTT, INC.

---

            " ' GREENSTEIN & PELZ
            " ' 30 Irving Place
            " ' New York

                    " ' *Oct.* 28*th,* 1920.

" ' JAMES TALCOTT, INC.,
            " ' 225 – 4th Ave.,
                    " ' N. Y. City:

" ' GENTLEMEN.— Replying to your letter of the 27th inst. referring to the enclosed bill, we beg to advise that goods referred to were to be delivered to us one week after the order was placed, and not having lived up to this date of delivery, we cancelled the order.   We, therefore, refuse to accept this shipment.

            " ' Very truly yours,
                    " ' GREENSTEIN & PELZ,
" ' LSP /AL                              By: LEON S. PELZ.' ''

The answer denies the material allegations of the complaint, also sets up as a separate defense the Statute of Frauds, in that

on or about the 9th day of August, 1920, the defendants orally ordered from Louis N. Levinsohn 7,000 dozen handkerchiefs at certain prices, to be delivered in one week and that said agreement was for the sale of goods at an agreed price of more than fifty dollars and was not in writing subscribed by the defendants or either of them sought to be charged; that no part of said merchandise had been accepted or received nor had any part of the purchase price been paid. For a second defense, the defendants alleged a breach of contract in that on or about the 9th day of August, 1920, the defendants orally ordered from Louis N. Levinsohn 7,000 dozen handkerchiefs at certain prices to be delivered within one week from said date and the said Louis N. Levinsohn agreed to sell and deliver to the defendants within one week from said date 7,000 dozen handkerchiefs at certain prices; that the said Louis N. Levinsohn failed to deliver the said handkerchiefs to the defendants within the required time and because of failure to deliver said goods the defendants notified the said Louis N. Levinsohn on the 16th day of October, 1920, that they would refuse to accept the goods or to pay for the same.

Plaintiff's assignor, Levinsohn, testified that in answer to a communication from defendants, he called at their place of business in the " forepart of September, 1920." The latter said they wanted to buy about 15,000 dozen handkerchiefs of two grades; Levinsohn told them he would have to find out whether his manufacturer could make the goods for the deliveries they wanted, and he told them he could not make any deliveries until October or November, as he was sold up to that time. He testified: " I asked them for note paper to write in their office and they gave me a pad and I wrote on this, making a memorandum of October, November and the quantities and the price. The reason I did not give them a copy of the order was because there wasn't anything definite." After September ninth he returned and saw defendants, and after negotiations he made out the order of September ninth above set forth, in triplicate and left a copy with defendants. (Defendants claim they never received any such paper.) Levinsohn then testified that he ordered the goods from the mills to the bleachery, and they were subsequently finished and made up. After that he received from defendants the foregoing letter dated October sixteenth. Then followed the correspondence which was set forth in the bill of particulars.

The defendants both denied that any copy of the writing of September ninth was left with them and claimed the purchase actually made by them was for immediate delivery.

In my opinion the complaint should have been dismissed at the

close of the plaintiff's case. The complaint unequivocally set forth a contract in writing between the parties for the purchase of the goods in question. The bill of particulars cannot change the cause of action set forth in the complaint. As was said in *St. Albans Beef Co.* v. *Aldridge* (112 App. Div. 803): "*First,* the office of a bill of particulars * * * is to amplify a pleading and to limit the proof and not to change a cause of action stated in the complaint or to state a cause of action other than the one there stated." And again, in *United States Printing & Lithographing Co.* v. *Powers* (171 App. Div. 406): " It is well settled that a bill of particulars is no part of the pleadings, and that it cannot enlarge a cause of action or perfect an imperfect pleading. (*Dodge* v. *Weill,* 158 N. Y. 346.) It cannot be pleaded to and it will not serve to render a defective pleading immune from demurrer."

No attempt was made in this case to amend the complaint at the trial, so that plaintiff must stand or fall upon its allegations.

It is clear that the writing of September ninth does not constitute a valid contract, because it was not signed by the parties sought to be charged thereby, the defendants in this action. They deny the testimony as to what the agreement is claimed by Levinsohn to have been and deny ever having received from him a copy of this paper. But that is not material, for the fact remains that defendants never signed it. There never was, therefore, a contract in writing between the parties as alleged in the complaint, and that fact appearing at the close of plaintiff's case, the motion to dismiss the complaint should have been granted.

But even if we were to read together all the writings offered by plaintiff in evidence and recited in its bill of particulars, no valid contract ever was entered into by the parties.

Plaintiff now concedes that:

" It is only by reading together the memorandum slip containing the terms of the contract, and the letters of the defendant of October 16, October 26, October 28, and October 30, with the plaintiff's and its assignor's answers thereto, that it can be said that a complete written contract, or note, or memorandum signed by the parties to be charged, has been sufficiently established to satisfy the Statute of Frauds.

" This confirmation slip embodies every essential element of a contract, since it includes the name of the buyers and of the seller, the kind, quantity and quality of goods, the price, terms of pay-ment, and time and place of delivery. This confirmation slip was signed by plaintiff's assignor but was not signed by the defendants, and it, therefore, did not constitute an enforceable contract under the Statute of Frauds (Pers. Prop. Law, sec. 85, as added

by Laws of 1911, chap. 571), which provides that such a contract shall not be enforceable ' unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf.'

" The complaint states a contract in writing, but the bill of particulars furnished at defendants' request states the contract was part in writing and part oral and it is the contention of the plaintiff, that the defendants did sign such a memorandum, which, connected with the confirmation slip, satisfies the statute."

Thus plaintiff concedes that no valid written contract was made on September 9, 1920, as alleged in the complaint, but claims that all the writings taken together constitute a written contract.

As has been said, the failure to prove a written contract such as was pleaded required the dismissal of the complaint at the close of plaintiff's case, on defendants' motion.

But as a new action may be brought, it is proper to indicate here that in our opinion all the writings taken together do not constitute a written, enforcible contract.

The written memorandum of September ninth, the basis of plaintiff's claim, which was not signed by defendants, requires some writing signed by defendants accepting its terms, by reference or direct statement, to make it valid. Plaintiff relies upon the defendants' letter of October sixteenth as such a writing. But this cannot be so. For the memorandum of September ninth is for October and November delivery, which is what Levinsohn testified the contract called for. Whereas defendants' letter of October sixteenth says the goods were " to be delivered at once and we cannot wait for them any longer." This assuredly is not an acceptance or confirmation of a contract for delivery in October and November. The defendants' letter of October twenty-sixth said the goods would not be accepted, as the order had already been canceled. The defendants' letter of October twenty-eighth said the goods were to be delivered within one week after the order was placed, and plaintiff not having lived up to this date of delivery the order was canceled. While as was said in *Atlas Shoe Co.* v. *Lewis* (202 App. Div. 244): " The memorandum required by the statute ' may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion,' " here the pieces do not fit in together. Plaintiff sues upon an alleged contract made on September ninth, calling for deliveries in October and November. The defendants at most concede the existence of a contract for an unnamed amount and undescribed kind of goods, at an unmentioned price, which were to be delivered either at once or within a week

after the order was placed. These writings do not admit, accept or confirm any contract whatever. They are too indefinite and uncertain, save as to the time of delivery, and as to that they are not only contradictory of each other but of the plaintiff's claim as well.

As was said by Mr. Justice MILLER in *Evans* v. *Pelta* (146 App. Div. 749): "At most, the letters contain an admission that the defendants had ordered certain goods without disclosing the kind, quantity or purchase price. The letters contain no reference either to the memorandum made by the salesman at the time of receiving the order or to the invoice mailed by the plaintiffs on May sixth. While it is quite true that the evidence necessary to satisfy the statute need not all be comprised in a single writing, it still is equally true that verbal evidence cannot be resorted to in order to supply any of the essential terms of the contract which the writing or writings relied upon omit. (*Wilson* v. *Lewiston Mill Co.*, 150 N. Y. 314; *Brauer* v. *Oceanic Steam Navigation Co.*, 178 id. 339.)"

The conclusion thus reached renders unnecessary the discussion of the errors assigned in the charge of the learned trial court, which of themselves would require the reversal of the judgment and order appealed from.

The judgment and order appealed from should be reversed, with costs to appellants, and the complaint dismissed, with costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.