BENJAMIN JACOBSON, Doing Business as BEE JAY UNDERGARMENT COMPANY, Respondent, v. E. T. SLATTERY COMPANY, Appellant.

First Department, December 31, 1926.

Sales — action to recover reasonable value of goods sold and delivered — defenses of rescission, that merchandise did not conform to sample and was not of merchantable quality — evidence — error to strike out parol evidence that sale was by sample — order for goods was not complete contract since character of goods sold was not stated — defendant's evidence raised question for jury as to whether sale was by sample or whether goods were merchantable — error for court to direct verdict for plaintiff.

In an action to recover the reasonable value of goods sold and delivered, in which the defendant pleads the defenses of rescission and that the goods did not conform to the sample and were not of merchantable quality, it was error to strike out evidence tending to show that the sale was made by sample, for the admission of that testimony did not violate the parol evidence rule.

Furthermore, the order, which the plaintiff alleges constitutes a contract, was not a complete and enforcible contract, for while it gives a description of sizes, quantities, colors and prices of the goods, it does not disclose the character of the cloth sold, whether it was cotton, wool or silk, but left that to be determined by the samples.

The defendant's evidence raised a question for the jury as to whether or not the sale was by sample and as to whether or not the goods delivered were of merchantable quality, and, therefore, it was error for the court to direct a verdict for the plaintiff at the close of the defendant's case.

APPEAL by the defendant, E. T. Slattery Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1925, upon the verdict of a jury rendered by direction of the court.

*Karl T. Frederick* of counsel [*John Schubert* with him on the brief; *Kobbé, Thatcher, Frederick & Hoar*, attorneys], for the appellant.

*Lazarus Goldstone* of counsel [*Strouse & Goldstone*, attorneys], for the respondent.

PER CURIAM. The plaintiff brought his action for the reasonable value of goods sold and delivered to the defendant. The answer of the defendant, as amended at the opening of the trial, admitted the allegations of the complaint, and set up an affirmative defense of rescission of the contract, for three alleged breaches of warranty; an implied warranty that the bulk of the merchandise should correspond with the sample in quality, and an implied and an express warranty that the merchandise should be of merchantable quality.

At the close of the defendant's case and without any evidence being offered for the plaintiff, the learned trial court held that there was insufficient evidence to go to the jury and directed a verdict for the plaintiff.

The defendant, therefore, must be given the benefit of every fact and inference which may be drawn from the evidence most favorable to its contention. (*Eastland* v. *Clarke*, 165 N. Y. 420, 425; *Atlas Shoe Co.* v. *Lewis*, 202 App. Div. 244, 245.)

The evidence that there was a sale by sample did not violate the parol evidence rule and was, therefore, improperly stricken out. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134, 142; Williston Sales [2d ed.], § 254, p. 514.)

The order is not a complete contract. It does not disclose the character of the merchandise, whether it was cotton, wool or silk. The order gives a description of sizes, quantities, colors and prices, but the kind of article and the quality of the merchandise was to be determined by samples. (*Brigg* v. *Hilton*, 99 N. Y. 517; *Emmett* v. *Penoyer*, 151 id. 564; *Henry & Co.* v. *Talcott*, 175 id. 385.)

There was sufficient evidence to raise a question of fact for the jury whether or not there was a sale by sample. The evidence also presented a question of fact for the jury as to whether or not the merchandise was merchantable.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — CLARKE, P. J., MERRELL, FINCH, MARTIN and BURR, JJ.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.