Thomas Dickens, J.
Plaintiff brings this lawsuit on a complaint alleging two causes of action. The' first cause of action stems from a breach by defendant of an oral contract engaging plaintiff in the capacity of a sales agent, and the second cause of action stems from the defectiveness of the merchandise sold by plaintiff, resulting, by reason thereof, in the impairment of plaintiff’s reputation. Defendant interposes the Statute of Frauds as a defense to the first cause of action.
*2 Although I am guided solely by the causes of action in the complaint, which prevails over the bill -of particulars when the latter shows some conflict with the complaint or some contradiction thereof (James Talcott, Inc., v. Greenstein, 210 App. Div. 633; Wells v. Caro, 74 Misc. 87), as is the situation here, nevertheless I proceed at this point, to quote pertinent allegations and statements from both on the issue of the Statute of Frauds, inasmuch as the outcome will prove the same.
As part of paragraph “4” of the complaint, appears the following allegation: “ That on or about the 14th day of November, 1958, the plaintiff and defendant entered into an agreement for a term of one year commencing as soon thereafter as defendant could procure for plaintiff the necessary and required license to enable plaintiff to deal in and with alcoholic beverages(Emphasis supplied.)
As part of paragraph “ 5 ” of the complaint, appears the following allegation: ‘ ‘ That thereafter cmd on or about the 17th day of November, 1958, the defendant having procured for plaintiff the aforesaid license, plaintiff entered upon the performance of said agreement. ” (Emphasis supplied.) Specifically, both in paragraph “ 4 ” of the complaint as heretofore quoted and in paragraph “ 1 ” of the bill of particulars the agreement is declared to be for one year, and in paragraph “ 2 ” of the bill of particulars the agreement is alleged to have been entered into sometime before the 7th day of November, 1958. And further, in paragraph “ 3 ” of the bill of particulars, it is stated that defendant directed a letter to the New York State Alcoholic Beverage Division informing the Authority that as of November 7, 1958, defendant had employed plaintiff.
„ Giving the facts the broadest range for consideration, I am of the mind, whether the actual hiring, according to the bill of particulars, was on November 7,1958, or whether it was, according to the complaint, on November 14, 1958, that it makes no difference, for the outcome, as heretofore noted, is the same: in either case the facts spell out a future performance of an oral contract of employment.
Paragraph “2” of the bill of particulars, as heretofore noted, attests to this view of a future performance by the statement ' that the agreement was entered into sometime before November 7, 1958, which could have been at any time up to or before or from November 1. Paragraph “ 5 ” of the complaint, heretofore quoted, also attests to this view by the following apropos language: “on or about the 17th day of November, 1958 * * * plaintiff entered upon the performance of said agreement ”. In consequence, the contract in its oral form when *3 regarded from either point of view, offends the infra annum clause of the Statute of Frauds. (Personal Property Law, § 31, subd. 1, now General Obligations Law, § 5-701, subd. 1.)
Almost paralleling the case in hand is Failla v. Mandell (200 N. Y. S. 2d 652, 653), where the court said: “ But for the fact that agreement in suit is not in writing, a valid and enforceable agreement was reached early in October 1957 and bef ore October 23, 1957 and therefore the agreement was one of employment for a year to commence in the future. The Statute of Frauds is, therefore, a complete bar to maintenance of that part of the first cause of action resting on that agreement.”
(See, also, Preminger v. Wynwood Mills, 222 N. Y. S. 2d 371.) The claim for earnings on a weekly basis after March, 1959, must fall by the wayside in the light of the documentary proof submitted by defendant, showing payment.
The second action for the alleged loss of reputation by reason of having plaintiff sell nonserviceable merchandise, must also go by the boards. Of the several reasons against it, one is sufficient to be mentioned as detrimental, namely: there is no privity between the prime parties to the sales and plaintiff. Plaintiff’s connection as the .salesman in those transactions, is merely incidental. (See Clancy v. Byrne, 56 N. Y. 129, 136; Stafford v. Polar S. S. Corp., 44 N. Y. S. 2d 509, affd. 269 App. Div. 946; cf; Rosenbaum v. Branster Realty Corp., 276 App. Div. 167.)
The long and short of this review of the facts of this case leads me to the only adjudication and that is to a dismissal of the complaint in all respects,. The proof presented by plaintiff at the trial does not help his cause for its conflict with the complaint and the bill of particulars makes it valueless in my judgment.
Complaint dismissed after trial. Findings of fact and conclusions of law were waived.