■ B. & F. Leasing Co., Inc., Respondent, v. Ashton Companies, Inc., Appellant.— Appeal from a judgment of the Supreme Court, entered July 13, 1970 in Essex County, upon a verdict rendered at a Trial Term in favor of plaintiff. Defendant Ashton Companies, Inc. (Ashton), operated a ready-mix concrete manufacturing business during 1965 and 1966. In 1965, Ashton entered into contracts with three road construction companies involved in building the Northway to furnish them with specific quantities of ready-mix concrete. Ashton also entered into a contract with Warren Aggregates, Inc. (Warren), whereby Warren agreed to furnish aggregate to Ashton's batch plant in North Hudson, New York, a semi-portable facility which Ashton erected to assist in fulfilling its Northway contracts. Originally Warren produced the aggregate at Ashton's batch plant, but there came a time when it became necessary to truck the material from Chestertown to the plant. One of the truckers making such deliveries was plaintiff B. & F. Leasing Co. (B & F), which continued to do so until sometime in May, 1966. Subsequent to the cessation of deliveries, defendant's batch plant manager, Edward Ashton, and plaintiff's manager, Robinson, met twice regarding said deliveries. Robinson contends that the outcome of these discussions was an oral contract under which Ashton agreed, on behalf of his company, to pay B & F $1.95 per ton for delivery of aggregate, Ashton denying having entered into such a contract. In any event, subsequent to these conversations, B & F resumed deliveries of aggregate from Warren to Ashton during June, July, and August, 1966. In September, 1966, Robinson told Edward Ashton that B & F was not being paid by Warren for hauling materials to Ashton, and B & F was going to stop hauling. Edward Ashton relayed this

information to Ingmire, defendant's vice-president, and subsequently told Robinson that if B & F would continue hauling, Ashton would pick up the trucking bills, which procedure was followed. At issue herein is Ashton's liability for trucking performed in June, July, and August, 1966, after the June Robinson-Ashton conversations and prior to their September conversations. The jury found for plaintiff and answered in the affirmative a special question as to whether Edward Ashton had authority to enter into the alleged June agreement with B & F. Defendant first contends that plaintiff was allowed to prove a contract entirely different from the contract alleged in the bill of particulars and that it thereby proved a completely different cause of action. Defendant alleges that the language contained in said bill constitutes a special promise to answer for the debt or default of another which is not valid under section 5–701 of the General Obligations Law if made orally, the original answer not having been amended to include this defense until about three years after the bill of particulars was given. Plaintiff's complaint clearly alleges a primary obligation in defendant. The bill of particulars, the purpose of which is to amplify the pleadings, limits the proof, and prevents surprise at the trial (*Vicidomini* v. *State of New York*, 21 A D 2d 837), may add specific statements of fact to a general allegation in the pleading but cannot add or substitute a new theory or cause of action (*Melino* v. *Tougher Heating & Plumbing Co.*, 23 A D 2d 616), nor can it change the cause of action set forth in the complaint, for it is not part of the pleadings (*James Talcott, Inc.*, v. *Greenstein*, 210 App. Div. 633). The statement in the bill of particulars, when considered in light of the parties' positions in June, 1966, does not necessarily make out a secondary obligation on the part of defendant. There is no evidence that Warren was to pay for trucking during the disputed months; indeed Warren's employee, Hans, testified that, at about the time of the disputed period, the responsibility for trucking was defendant's. In any event, the matter was one of fact in the province of the jury (*Rosenkranz* v. *Schreiber Brewing Co.*, 287 N. Y. 322), which properly could, and did, determine the matter in plaintiff's favor. Consequently, this argument must fail. Defendant questions certain evidentiary rulings concerning testimony about the September, 1966, conversations between Ashton and Robinson and the court's charge relative to these conversations and the issue of ratification. The failure to except to the charge precludes defendant from raising that issue for review here (CPLR 4017; *Miles* v. *R & M Applicance Sales*, 26 N Y 2d 451). As to said evidentiary rulings, any error would be, at most, harmless because the jury specifically found that Edward Ashton had authority to bind the defendant in the June conversation with Robinson, so the issue of ratification is superfluous. We have considered defendant's other arguments and find them to be without merit. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.