◼ VIRGINIA LIGON, Respondent, v WALDBAUM, INC., Doing Business as WALDBAUM's, Appellant. [651 NYS2d 337] —In an action to recover damages for personal injuries, the defendant

appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 21, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that a plaintiff in a slip and fall case must demonstrate that the defendant created the dangerous condition which caused the accident, or that the defendant had actual or constructive notice of that condition and failed to remedy it within a reasonable time *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Bernard v Waldbaum, Inc.,* 232 AD2d 596; *Gordon v Waldbaum, Inc.,* 231 AD2d 673).* "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History, supra,* at 837). Contrary to the defendant's contention, the plaintiff's deposition testimony reveals that there is an issue of fact as to whether the condition which caused her fall was present for a sufficient length of time to permit the defendant's employees to discover and remedy it *(see, Negri v Stop & Shop,* 65 NY2d 625; *Gordon v Waldbaum, Inc., supra; cf., Gordon v American Museum of Natural History, supra).* Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.