■ Christian M. Andrus, an Infant, by His Mother and Natural Guardian, Barbara Bornhoeft, et al., Respondents, v National Westminster Bank, Appellant. [697 NYS2d 323] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated May 6, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff was injured when he allegedly slipped and fell on some candy wrappers on the outdoor front step of the defendant bank. The plaintiffs failed to establish, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, that the defendant either created, or had actual or constructive notice of, the allegedly dangerous condition which caused the injured plaintiff to fall (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Ligon v Waldbaum, Inc.,* 234 AD2d 347). There was no evidence that the candy wrappers were present for a sufficient length of time before the accident to permit the defendant's employee to discover and remedy the condition (*see, Gordon v American Museum of Natural History, supra,* 67 NY2d, at 837; *Negri v Stop & Shop,* 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670). Furthermore, "a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of a particular condition that caused plaintiff's fall" (*Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *see also, Cellini v Waldbaum, Inc.,* 262 AD2d 345; *Bernard v Waldbaum, Inc.,* 232 AD2d 596; *Kaplan v Waldbaum's Inc.,* 231 AD2d 680). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.