■ ADRIENNE BIRTHWRIGHT et al., Appellants, v MID-CITY SECURITY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [702 NYS2d 325] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 20, 1998, as granted those branches of the separate motions of the defendants Mid-City Security, Inc. and Ogden Allied Building & Airport Services, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Adrienne Birthwright allegedly slipped and fell on a rainy day on the lobby floor of an office building owned by the defendant Lefrak Organization, Inc. She testified at her deposition that she "slipped on a little puddle of water" and that the water was "dirty". It is well settled that a plaintiff in a so-called "slip and fall" case must demonstrate that the defendant created the dangerous condition which caused the accident or that the defendant had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Ligon v Waldbaum, Inc.,* 234 AD2d 347).

After each of the respondents made a prima facie showing that they did not create or have actual or constructive notice of the puddle of water on which Birthwright allegedly slipped, the plaintiffs failed to raise a triable issue of fact. To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, 671). Birthwright's testimony at her deposition that the water she fell on was "dirty" does not provide evidence that the water existed for a sufficient period of time to establish constructive notice. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.