■ ELLIOT GABERMAN et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [716 NYS2d 597] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated November 16, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a slip and fall case, the plaintiff must demonstrate that the defendant created the dangerous condition which caused the accident, or that the defendant had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see, Mercer v City of New York,* 88 NY2d 955; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670; *Birthwright v Mid-City Sec.,* 268 AD2d 401; *Huber v East 149th Parking Corp.,* 266 AD2d 43). We agree with the Supreme Court that an issue of fact exists as to whether the defendant had a reasonable time to remedy the condition which caused the injured plaintiff's fall after it received actual notice of the condition. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ CHRISTINA GALU et al., Respondents, v CEDAR HILL CEMETERY ASSOCIATION et al., Appellants. [716 NYS2d 598] —In an action, *inter alia,* to recover damages for fraud and breach of contract, the defendants appeal from an order of the Supreme Court, Orange County (Owen, J.), dated October 5, 1999, which denied their motions pursuant to CPLR 8018 (a) to require each plaintiff to commence a separate action, and to require the out-of-State plaintiffs to provide security for costs.

Ordered that the order is affirmed, with costs (*see, Warren v Cedar Hill Cemetery Assn.,* 277 AD2d 371 [decided herewith]). O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.