■ MARY STASIAK, Respondent, v SEARS, ROEBUCK AND CO., Appellant. [722 NYS2d 251] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), dated January 5, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell in a puddle of white latex paint which had spilled on the sidewalk outside the exit door of the defendant's store. Upon being made aware of the spill, the defendant's employees acted in a reasonable manner by placing several warning cones at the site of the spill, giving oral

warnings to the public of its existence and beginning the process of obtaining mops and buckets to clean it. It is uncontroverted that the plaintiff slipped and fell not more than 90 seconds after the spill occurred and during the time in which the defendant's employees had begun the remedial efforts.

In a slip and fall case, a plaintiff must demonstrate that the defendant created the dangerous condition which caused the accident or had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Birthwright v Mid-City Sec.,* 268 AD2d 401; *see also, Lupi v Home Creators,* 265 AD2d 653; *see generally, LoSquadro v Roman Catholic Archdiocese,* 253 AD2d 856). The defendant demonstrated that it did not create the hazard and, although it had actual notice of the spill, the defendant's employees did not have a reasonable time to remedy it. Here, in opposition to the defendant's prima facie case for summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the defendant was afforded a reasonable time to remedy the hazard. Additionally, there was no duty on the part of the defendant to warn the plaintiff of the hazard because it constituted an open and obvious condition which the plaintiff could easily have observed by employing the reasonable use of her senses (*see, Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380). Therefore, the defendant is entitled to summary judgment dismissing the complaint. Ritter, J. P., S. Miller and Smith, JJ., concur.

Luciano, J. , dissents and votes to affirm the order with the following memorandum: I disagree with the majority that the defendant sustained its burden of proving prima facie as a matter of law that it was not afforded a reasonable time to remedy the hazardous condition of which it had actual notice. As the majority notes, it is well settled that in a slip and fall case such as this, the plaintiff must demonstrate that the defendant either created the dangerous condition or had actual or constructive notice of that condition and failed to remedy it within a reasonable time (*see, Mercer v City of New York,* 88 NY2d 955; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670). Where, as in this case, the defendant has conceded that it had actual notice of the dangerous condition, the question is whether the defendant took remedial action within a reasonable time. Although the majority has concluded that the evidence was uncontroverted as to when the plaintiff fell after the paint spill occurred, it is my opinion that the record presented by the defendant in support of its

motion for summary judgment is replete with contradictory evidence on the issue. Thus, the defendant did not sustain its initial burden of proving that there are no triable issues of fact regarding the time within which the defendant began its remedial efforts. I conclude, therefore, that the Supreme Court did not err in denying summary judgment.

In support of its motion, the defendant presented the deposition testimony of Peter Alborano, the lead associate of the Sears Hardware Center lawn and garden department at the Newton, New Jersey location. He testified that at 10:20 A.M. or 10:25 A.M. on July 5, 1997, a gentleman walked up to his station at the service counter near the entrance doors to the store, and reported that he had spilled paint on the sidewalk just outside the entrance. Alborano further testified that within 45 to 90 seconds after the gentleman reported the spill, the plaintiff slipped and fell on the paint.

Alborano also testified, however, that within that very short time period (1) he walked outside to view the spill, (2) he shut off a switch which permitted the doors to swing open automatically, thus causing the doors to remain open, (3) he instructed several other employees to obtain buckets of water to wash away the paint, (4) he obtained and placed warning signs near the spill, and (5) he remained at the doors to verbally warn customers to avoid the spill. Although he was standing at the spill site warning each person who passed to avoid the spill, he failed to witness the plaintiff's fall, apparently because he had turned to give instructions to employees inside the store.

According to Alborano, the plaintiff fell at 10:35 A.M. He did not, however, explain the discrepancy between his testimony that the fall occurred within a minute and one-half after the spill, and his contradictory testimony that the spill was reported approximately ten minutes earlier at 10:25 A.M. Notwithstanding this apparent contradiction, the majority accepts at face value the evidence that the fall occurred within moments after the spill, characterizing it as uncontroverted.

The majority also overlooked other evidence presented by the defendant in support of its motion. The plaintiff testified at her deposition that she and her husband left their car at the Firestone Tire store, which is located in the same strip mall as the Sears Hardware Center, to have new tires put on the car. They arrived at the Firestone store at 9:00 A.M., remained there for 15 minutes, and then spent approximately one hour shopping in the strip mall before they returned to Firestone. According to the plaintiff, she and her husband returned to Firestone at approximately 10:30 A.M. and they were told they

would have to wait another 10 to 15 minutes. They discussed what they would do to pass the time and eventually parted company in front of the entrance to the defendant's store, whereupon the plaintiff fell. In addition, according to the plaintiff's recollection, the accident occurred at some time between 11:00 A.M. and 11:30 A.M. She testified that the emergency medical team arrived almost immediately after she fell.

Significantly, the transport report prepared by Michael Guaghran, the emergency medical technician who handled the call, lists the time of the call from the defendant as 11:00 A.M. and the time of his arrival at the scene as 11:06 A.M. Furthermore, on the date of the accident the defendant's assistant manager, William "Woody" Woodrow, prepared a written statement annexed to the Sears accident report in which he stated that an employee entered his office at approximately 10:45 A.M. to report that someone had spilled paint. He further reported that approximately five minutes later another employee informed him that a lady had slipped on the paint and fallen. The accident report listed the time of the accident as 10:55 A.M.

Far from presenting an undisputed view of the facts, the defendant has presented a scenario in which the paint might have been spilled as early as 10:25 A.M. or as late as 10:45 A.M. The accident itself could have occurred within minutes after the spill, or it could have occurred one half-hour after the spill. Under the circumstances, the defendant failed to present unequivocal evidence that the accident occurred so soon after it received notice of the paint spill that it did not have a reasonable time within which to remedy the hazardous condition which caused the injured plaintiff's fall (*see, Gaberman v Metropolitan Transp. Auth.,* 277 AD2d 350). Moreover, in presenting this array of contradictory facts, the defendant failed to sustain its prima facie burden of tendering sufficient evidence to demonstrate the absence of any material issues of fact, and thus, it is not entitled to summary judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

In view of the questions of fact which exist, it is unnecessary to reach the additional question of whether the hazardous condition constituted an open and obvious condition which relieved the defendant of its duty to warn. Upon the record presented, I would affirm the Supreme Court's determination and allow the matter to proceed to trial.