■ RON GROSSER, Appellant, v YRL ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. SUPERIOR MAINTENANCE OF WESTCHESTER, INC., Third-Party Defendant-Respondent. [722 NYS2d 174] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated May 8, 1999, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and granted that branch of the defendants third-party plaintiffs' cross motion which was for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint is dismissed on the ground that the plaintiff is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained injuries when he slipped and fell on a wet substance on a floor at Yonkers Raceway. He commenced this action against the owners of Yonkers Raceway, YRL Associates, and Yonkers Racing Corp. They impleaded Superior Maintenance of Westchester, Inc., which provided cleaning services for Yonkers Raceway. After depositions were held, YRL Associates, Yonkers Racing Corp., and Superior Maintenance of Westchester, Inc., moved for summary judgment.

The Supreme Court properly granted the motion of the

defendants third-party plaintiffs for summary judgment since the plaintiff failed to raise a triable issue of fact in response to their prima facie showing that they did not create or have actual or constructive notice of the allegedly dangerous condition (*see, Birthwright v Mid-City Sec.,* 268 AD2d 401; *Dwoskin v Burger King Corp.,* 249 AD2d 358; *Gordon v Waldbaum, Inc.,* 231 AD2d 673, 674). Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.