■ John Dalton et al., Appellants, v New Water Street Corporation et al., Respondents and Third Third-Party Plaintiffs. One Source, Third Third-Party Defendant-Respondent. (And

Other Actions.) [726 NYS2d 643] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about September 11, 2000, which granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The action, which seeks damages for personal injuries sustained when plaintiff, an electrician in the employ of a third-party defendant, slipped and fell while wheeling a large computer down the ramp of a loading dock, was properly dismissed as against defendants-respondents, the present and former owners of the building. There is no cause of action under Labor Law § 241 (6) since plaintiff was not engaged in any construction, excavation or demolition work (*see, Joblon v Solow*, 91 NY2d 457, 466; *Vilardi v Berley*, 201 AD2d 641, 643-644, *lv denied* 83 NY2d 760). Nor can the owners be held liable under Labor Law § 200 or the common law where they did not exercise any supervisory control over the activity that brought about the injury, unless plaintiff's injuries were caused by a dangerous condition on the premises of which the owners had notice (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout*, 80 NY2d 290, 295). It does not aid plaintiff to claim that he slipped on a cellophane strip of which the owners had constructive notice by reason of a recurring windy condition that caused paper and other lightweight debris to swirl about the loading dock area, absent evidence that the loading dock area was negligently maintained (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Andrus v National Westminster Bank*, 266 AD2d 171; *cf., Megally v 440 W. 34th St. Co.*, 246 AD2d 346). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.