■ SIDNEY L. ALSTON, Appellant, v DONNA T. ALSTON, Respondent. [732 NYS2d 589] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Marks, J.H.O.), entered January 3, 2001, which awarded counsel fees to the defendant in the sum of $38,876.

Ordered that the order is affirmed, with costs.

Based upon the circumstance of this case including, *inter alia,* the parties' respective financial positions, the Supreme Court providently exercised its discretion in awarding counsel fees to the defendant (*see, Kalinich v Kalinich,* 234 AD2d 344). The plaintiff's remaining contention is without merit. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.

■ ARIANA L. BELFIORE, Appellant, v COPIAGUE UNION FREE SCHOOL DISTRICT, Respondent. [733 NYS2d 112] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 5, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she slipped and fell on a wet floor in the cafeteria of her school. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The Supreme Court found that the plaintiff, in opposition to the defendant's prima facie showing that it neither created the condition nor had actual or constructive notice of it, failed to raise a triable issue of fact. We affirm.

Contrary to the plaintiff's contention, the mere fact that the liquid which allegedly caused her to slip was dirty cannot serve as evidence that the defendant had constructive notice of this condition (*see, Birthwright v Mid-City Sec.,* 268 AD2d 401).

The plaintiff's remaining contentions are without merit. Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.