■ RAFAEL NUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [735 NYS2d 194] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated March 30, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly slipped and fell on the second to last step of a subway stairway as he was descending from the elevated platform onto the street. He testified at his deposition that he slipped on some yellow sand on the step. In opposition to the defendant's motion for summary judgment, the plaintiff submitted his sworn affidavit which stated that the sand was discolored in part, uneven, and dirty. It is well settled that to impose liability upon the defendant, there must be evidence tending to show the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive knowledge of it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *King v New York City Tr. Auth.,* 266 AD2d 354).

After the defendant made a prima facie showing that it did not create or have actual or constructive notice of the sand on which the plaintiff allegedly slipped, the plaintiff failed to raise a triable issue of fact. To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670, 671). The mere

fact that the sand which allegedly caused the plaintiff to slip was dirty cannot serve as evidence that the defendant had constructive notice of this condition (*see, Belfiore v Copiague Union Free School Dist.,* 288 AD2d 247; *Birthwright v Mid-City Sec.,* 268 AD2d 401). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.