■ DIMITRA VLACHOS et al., Appellants-Respondents, v WEIS MARKETS, INC., Respondent-Appellant. [757 NYS2d 79] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), entered April 25, 2002, as granted that branch of the defendant's motion which was for summary judgment dismiss-

ing the complaint, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was to dismiss the complaint for willful spoliation of evidence, and (2) the plaintiffs appeal from a judgment of the same court, dated June 3, 2002, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In a slip and fall case, the plaintiff must demonstrate that the defendant created the dangerous condition that caused the accident or that it had actual or constructive notice of that condition and failed to remedy it within a reasonable time (see Mercer v City of New York, 88 NY2d 955 [1996]; Gaberman v Metropolitan Transp. Auth., 277 AD2d 350 [2000]; Stasiak v Sears, Roebuck & Co., 281 AD2d 533 [2001]). Here, the defendant established its entitlement to judgment as a matter of law and the plaintiffs failed to present sufficient evidence to raise a triable issue of fact. Accordingly, summary judgment was properly granted. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.