■ RON NICKLAS, Appellant, v TEDLEN REALTY CORP. et al., Respondents. [759 NYS2d 171] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated April 22, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered June 4, 2002, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On June 27, 1999, the plaintiff tripped and fell when he was walking across property located at 58-14 92nd Street in Elmhurst, New York, with his brother-in-law Vlasis Hamzas. The property was owned by the defendant Tedlen Realty Corp. (hereinafter Tedlen), which had operated a service station at that location through June 12, 1999. While the plaintiff could not say whether he fell over a rock or cracked pavement, Hamzas submitted an affidavit stating that he saw the plaintiff trip over a piece of "fractured pavement." Hamzas further specifically identified the spot where the plaintiff fell and stated that on occasions prior to the date of the accident, going back at least three months, he had seen the same area of pavement upon which the plaintiff tripped and fell, in the same hazardous condition. He described the pavement/blacktop in that area as severely cracked, broken, and unlevel, with pieces of the

pavement/blacktop scattered about. Hamzas executed this affidavit almost a year before the instant motion for summary judgment was made by Tedlen.

Theologos Tiliakos, a principal of Tedlen and the manager of the service station located on the subject property, stated in an examination before trial that he was at the property daily to supervise the removal of tanks and gas pumps even after the service station ceased operating. He asserted that he was not aware of the alleged defective condition and had received no complaints about such a condition.

In an action arising from a trip and fall, the plaintiff must prove that the defendant either created the condition which caused the accident or had actual or constructive notice that such a hazardous condition existed and failed to remedy it within a reasonable time (*see Mercer v City of New York,* 88 NY2d 955 [1996]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Birthwright v Mid-City Sec.,* 268 AD2d 401 [2000]).

On a motion for summary judgment, the party opposing the relief is entitled to the benefit of every favorable inference that may be drawn from the pleadings, affidavits, and competing contentions of the parties (*see Myers v Fir Cab Corp.,* 64 NY2d 806 [1985]). Summary judgment is inappropriate where questions of fact or credibility are raised that require a trial (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439 [1968]).

Contrary to the determination of the Supreme Court, after the defendants made out a prima facie case for summary judgment, the plaintiff satisfied his burden of raising a triable issue of fact as to the existence of a dangerous condition and the defendants' notice thereof. Accordingly, the defendant's motion for summary judgment should not have been granted and the complaint should not have been dismissed. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.