■ BARBARA M. SOLAN, Appellant, v GREAT NECK UNION FREE SCHOOL DISTRICT, Respondent. [842 NYS2d 52]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), dated June 29, 2006, which, upon granting the defendant's motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict in her favor and for judgment as a matter of law, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff arrived at the faculty parking lot of the Great Neck North High School minutes after a power failure had extinguished the lights illuminating the parking lot. Although the parking lot was in total darkness, the plaintiff observed some lights inside the school. The school board meeting which the plaintiff intended to attend had been moved to an auditorium which had lights powered by a generator. In attempting to cross the parking lot to enter the school, the plaintiff tripped and fell over a cement parking space divider, which she was unable to see because of the darkness, sustaining personal injuries.

The case was tried before a jury, which returned a verdict finding the defendant liable for the plaintiff's injuries, and apportioning fault 90% to the defendant and 10% to the plaintiff. The Supreme Court granted the defendant's motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict in the plaintiff's favor and for judgment as a matter of law, and dismissed the complaint.

The plaintiff's case was premised, in part, on the theory that the defendant had a duty to supply backup power to the parking lot lights to ensure continued illumination of the lot during a power outage. To establish a defendant's negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury (*see Kipybida v Good Samaritan Hosp.*, 35 AD3d 544 [2006]). It is initially for the court to determine whether a duty exists (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343 [2001]).

A landowner's duty to maintain its property in a reasonably safe condition in view of all the circumstances, including providing a safe means of ingress and egress, does not include a duty to have an uninterrupted power source for parking lot lights in the event of a power outage (*see Peralta v Henriquez*, 100 NY2d 139 [2003]; *Basso v Miller*, 40 NY2d 233 [1976]; *Gallagher v St. Raymond's R. C. Church*, 21 NY2d 554 [1968]).

The power outage did not relieve the defendant of its duty to address the dangerous condition created by the loss of power when the otherwise open and obvious cement divider was obscured from view by darkness. However, before liability will be imposed on a defendant, a plaintiff must show that the defendant either created the dangerous condition or had actual or constructive knowledge of the condition and failed to remedy it within a reasonable time (*see Vlachos v Weis Mkts.*, 303 AD2d 677 [2003]). The defendant did not create the dangerous condition, but did have actual notice of its existence. Nevertheless, the Supreme Court correctly granted the defendant's motion as there is no valid line of reasoning nor permissible inferences to be drawn from the evidence which could lead a rational person to the conclusion that the defendant had a reasonable time to address the darkness in the parking lot in the matter of minutes between the power outage and the plaintiff's fall (*cf. Crockett v Mid-City Mgt. Corp.*, 27 AD3d 611 [2006], *lv denied* 9 NY3d 805 [2007]). Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.