■ STEVE CASTLETON, Appellant, v BROADWAY MALL PROPERTIES, INC., et al., Respondents. (And Third-Party Actions.) [837 NYS2d 732]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 13, 2005, as granted those branches of the separate motions of the defendants Broadway Mall Properties, Inc., and Dayton Construction, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Dayton Construction, Inc., which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On December 9, 1994 the plaintiff allegedly was injured when he slipped on an accumulation of water in the kitchen of a newly renovated "Boston Chicken" restaurant, where he was working as an assistant manager. Although the restaurant had recently been opened to the public, at the time of the plaintiff's accident, no certificate of occupancy had been issued for it. The plaintiff, alleging causes of action based on common-law negligence and a violation of Labor Law § 200, commenced this action to recover damages for personal injuries against the owner of the premises, Broadway Mall Properties, Inc. (hereinafter Broadway), and the contractor that performed the renovations, Dayton Construction, Inc. (hereinafter Dayton). Subsequently, in his bill of particulars, the plaintiff also alleged claims based on violations of Labor Law § 376.

Broadway and Dayton separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions. We modify.

The Supreme Court properly granted those branches of the motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200, as the accident did not occur in a place to which Labor Law § 200 applies (*see Greenidge v HRH Constr. Corp.*, 279 AD2d 400 [2001]).

The plaintiff's attempt to assert a cause of action alleging a violation of Labor Law § 376 in the bill of particulars was improper. "The bill of particulars, the purpose of which is to amplify the pleadings, limits the proof, and prevent surprise at the trial. . . , may add specific statements of fact to a general allegation in the pleading but cannot add or substitute a new theory or cause of action" (*B. & F. Leasing Co. v Ashton Cos.*, 42 AD2d 652, 653 [1973]; *see Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 617 [1965]; *Sebring v Wheatfield Props. Co.*, 255 AD2d 927, 928 [1998]). Since the plaintiff alleged a violation of Labor Law § 376 only in the bill of particulars and not in the complaint, he did not assert a viable cause of action to recover damages based on a violation of Labor Law § 376 (*see Webster v Supermarkets Gen. Corp.*, 209 AD2d 405 [1994]).

However, Dayton failed to establish, as a matter of law, that it did not create the alleged defective condition or that its actions were not a proximate cause of the plaintiff's injuries (*see Hatfield v Bridgedale, LLC*, 28 AD3d 608, 610 [2006]; *Pickering v Lehrer, McGovern, Bovis, Inc.*, 25 AD3d 677, 679 [2006]; *Mennerich v Esposito*, 4 AD3d 399, 400-401 [2004]). Accordingly, the Supreme Court erred in granting that branch of Dayton's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.