(October 25, 2011)

■ EMILIA ALAMI, Appellant, v 215 EAST 68TH STREET, L.P., et al., Respondents. [931 NYS2d 647]—

At the time of the accident that is the subject of this action, the plaintiff was employed by a family which leased an apartment in a building allegedly owned by the defendant 215 East 68th Street, L.P. (hereinafter 215), and operated by the defendant Rudin Management Co., Inc. (hereinafter Rudin). She allegedly sustained personal injuries when she slipped and fell on laundry detergent that had spilled on the floor in the common laundry room located in the basement of the building. The liquid detergent had been spilled by the two-year-old son of the defendants Jeffrey L. Klein and Cara L. Klein (hereinafter together the Kleins), who was being supervised by his nanny, Claudette Latham, sued herein as Claudette Lathom.

The Supreme Court properly granted that branch of the motion of 215 and Rudin which was for summary judgment dismissing the complaint insofar as asserted against them. A defendant who moves for summary judgment in a slip-and-fall

case has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]; *Cohn v Mayfair Supermarkets*, 305 AD2d 528 [2003]). "Once a defendant has actual or constructive notice of a dangerous condition, the defendant has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances" (*Friedman v Gannett Satellite Info. Network*, 302 AD2d 491, 491-492 [2003]; *see Stasiak v Sears, Roebuck & Co.*, 281 AD2d 533 [2001]; *LoSquadro v Roman Catholic Archdiocese of Brooklyn*, 253 AD2d 856 [1998]).

Here, the defendants 215 and Rudin submitted evidence establishing that the incident occurred approximately 10 minutes after the laundry detergent was spilled. They also submitted evidence that Latham reported the spill to an elevator operator less than five minutes before the plaintiff fell. Under the circumstances of this case, the submissions of the defendants 215 and Rudin established, prima facie, that they neither created nor had actual or constructive notice of the alleged dangerous condition for a sufficient length of time to discover and remedy it (*see Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Ulu v ITT Sheraton Corp.*, 27 AD3d 554, 554-555 [2006]; *Tkach v Golub Corp.*, 265 AD2d 632, 633 [1999]; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 698-699 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Kleins and Latham. In the complaint, the plaintiff alleged that her injuries were caused by the negligence of the Kleins and Latham, their agents, servants, and/or employees "in their ownership, operation, maintenance, management, and control" of the subject premises. Since the Kleins and Latham did not own, maintain, operate, or control the premises, they owed no duty of care to the plaintiff to maintain the premises in a safe condition (*see Segura v City of New York*, 70 AD3d 670 [2010]).

It was improper for the plaintiff to assert, for the first time in her bill of particulars, a cause of action alleging negligent supervision of the Kleins' son. Although a bill of particulars may be used to amplify the allegations in a complaint (*see Nader v General Motors Corp.*, 25 NY2d 560, 565 [1970]), and considered in determining the "sufficiency of a pleaded cause of

action" (Siegel, NY Prac § 238, at 401 [4th ed]), a bill of particulars may not be used to supply allegations essential to a cause of action that was not pleaded in the complaint (*see Sullivan v St. Francis Hosp.*, 45 AD3d 833 [2007]; *Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]; *B. & F. Leasing Co. v Ashton Cos.*, 42 AD2d 652, 653 [1973]; *Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 617 [1965]). Moreover, the Kleins and Latham established, prima facie, that an uncapped bottle of detergent was not a dangerous instrument entrusted to a minor such that liability could be imposed upon them for negligent supervision, and they further established that Latham owed no duty of care to the plaintiff (*see Simcha v Simcha*, 292 AD2d 591 [2002]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Dillon, J.P., Belen, Roman and Miller, JJ., concur.