■ CHERYL A. WARREN, Respondent, v WALMART STORES, INC., Appellant, et al., Defendant. [963 NYS2d 150]—

In an action to recover damages for personal injuries, the defendant Walmart Stores, Inc., appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered March 12, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Walmart Stores, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly sustained injuries when she slipped and fell on a bleach spill in an aisle of a Walmart store in the Sunrise Mall in Massapequa on October 25, 2008. The plaintiff commenced the instant action against Walmart Stores, Inc. (hereinafter Walmart), among others. Walmart moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473, 473 [2012]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924, 924-925 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *Gambino v City of New York*, 60 AD3d 627 [2009]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]).

In support of its motion, Walmart relied upon, inter alia, the affidavit of an employee, along with surveillance footage, which established that Walmart did not create the allegedly dangerous condition, or have actual or constructive notice of the bleach spill prior to the accident. Therefore, Walmart established its prima facie entitlement to judgment as a matter of law (*see Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d at 473). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Walmart created or had actual or constructive notice of the spill prior to the accident (*id.* at 474).

Accordingly, the Supreme Court should have granted

Walmart's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Austin, Roman and Cohen, JJ., concur.