■ SHEILA MORAHAN-GICK, Appellant, v COSTCO WHOLESALE CORP., Respondent. [982 NYS2d 897]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered April 18, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a greasy substance on the floor in front of a rotisserie chicken display at the de-

fendant's store. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the allegedly dangerous condition or have actual or constructive notice of it. The Supreme Court granted the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Warren v Walmart Stores, Inc.*, 105 AD3d 732, 733 [2013]; *Halpern v Costco Warehouse/Costco Wholesale*, 95 AD3d 828 [2012]; *Lee v Port Chester Costco Wholesale*, 82 AD3d 842 [2011]). Here, the evidence submitted by the defendant, which included, among other things, its maintenance record for the day of the incident, was sufficient to establish, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of it (*see Lee v Port Chester Costco Wholesale*, 82 AD3d at 842; *Mantzoutsos v 150 St. Produce Corp.*, 76 AD3d 549 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.