■ BARBARA J. BYRD, Appellant, v WALMART, INC., Respondent. [8 NYS3d 428]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated August 8, 2013, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the plaintiff, at approximately 5:40 p.m. on or about August 3, 2009, in a store operated by the defendant in Newburgh, she slipped on a puddle of liquid on the floor and fell, sustaining injuries. The plaintiff commenced this action to recover damages for those injuries. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that the evidence established that it did not have notice of the hazardous condition which allegedly caused the plaintiff's fall for a sufficient length of time to discover and remedy it. In the order appealed from, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.

"A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Santiago v HMS Host Corp.*, 125 AD3d 838, 838 [2015]; *see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923, 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 933 [2014]; *Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]). Here, the evidence submitted by the defendant in support of its motion established, prima facie, that it neither created the alleged hazardous condition, nor had actual or constructive notice of it for a sufficient length of time to discover and remedy it. Although the evidence demonstrated that the defendant may have had notice of the spill which allegedly caused the plaintiff's fall, the evidence further established that the defendant's employees did not have a reasonable time to remedy that condition before the accident occurred (*see Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d 705, 706 [2014]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924 [2011]; *Stasiak v Sears, Roebuck & Co.*, 281 AD2d 533, 534 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the claimed violation by the defendant's employees of an alleged internal rule or guideline was insufficient to raise a triable issue of fact (*see Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 323 [2006], *affd* 8 NY3d 931 [2007]). " '[V]iolation of a company's internal rules is not negligence in and of itself, and where such rules require a standard that transcends reasonable care, breach cannot be considered evidence of negligence' " (*Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005], quoting *Sherman v Robinson*, 80 NY2d 483, 489 n 3 [1992]). The alleged internal rule or guideline that the plaintiff claims was violated by the defendant's employees here went "beyond the standard of

ordinary care and cannot serve as a basis for imposing liability" (*Gilson v Metropolitan Opera*, 5 NY3d at 577).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.