■ EILEEN V. DIERS, Appellant, v KING KULLEN GROCERY CO., INC., Respondent. [19 NYS3d 780]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered December 11, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 6, 2013, the plaintiff allegedly slipped and fell on chicken grease in a King Kullen supermarket located in Wantagh. Thereafter, the plaintiff commenced this action against King Kullen Grocery Co., Inc. (hereinafter King Kullen), to recover damages for personal injuries. King Kullen moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Byrd v Walmart, Inc.*, 128 AD3d 629, 630 [2015]; *Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d 705, 705 [2014]; *Warren v Walmart Stores, Inc.*, 105 AD3d 732, 733 [2013]; *Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924, 924-925 [2011]).

Here, King Kullen established its prima facie entitlement to judgment as a matter of law by presenting evidence, including a video surveillance recording, demonstrating that it neither created the alleged chicken grease spill which caused the plaintiff's accident, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it before the accident occurred (*see Byrd v Walmart, Inc.*, 128 AD3d at 630; *Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d at 705; *Alami v 215 E. 68th St., L.P.*, 88 AD3d at 925). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defend-

ant's motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.