■ MARIAN A. FINCH, Appellant, v DAKE BROS., INC., et al., Respondents. [33 NYS3d 325]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 8, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court dated March 19, 2015, which denied her motion, denominated as one for leave to renew and reargue her opposition to the defendants' motion for summary judgment dismissing the complaint, but which was, in actuality, one for leave to reargue her opposition.

Ordered that the order dated December 8, 2014, is affirmed; and it is further,

Ordered that the appeal from the order dated March 19, 2015, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly sustained personal injuries when she slipped and fell on a puddle of water in the aisle of the defendants' supermarket. The plaintiff subsequently commenced this action, alleging that the defendants had negligently created the hazardous condition that caused her to fall. The defendants moved for summary judgment dismissing the complaint,

contending that they did not create the alleged hazardous condition or have actual or constructive notice of the condition. The Supreme Court granted the motion.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *see Diers v King Kullen Grocery Co., Inc.*, 134 AD3d 666 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Campbell v New York City Tr. Auth.*, 109 AD3d at 455; *Warren v Walmart Stores, Inc.*, 105 AD3d 732, 733 [2013]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of the condition (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1038-1039; *Byrd v Walmart, Inc.*, 128 AD3d 629, 630 [2015]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522 [2008]). In support of their motion, the defendants submitted the affidavit and a transcript of the deposition testimony of an employee who inspected the accident site about 15 minutes prior to the incident. At that time, the employee did not see any water in this area. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants created the condition or had actual or constructive notice of the condition.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiffs' motion, which was denominated as one for leave to renew and reargue her opposition to the defendants' motion, was not based on new facts (*see* CPLR 2221 [e] [2]). Thus, the motion was, in actuality, a motion for leave to reargue, the denial of which is not appealable (*see Frazzetta v P.C. Celano Contr.*, 54 AD3d 806, 807 [2008]; *Trahan v Galea*, 48 AD3d 791, 792 [2008]). Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.