■ Amarjeet Sohi, Appellant, v Costco Wholesale Corporation et al., Respondents. [41 NYS3d 757]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated September 10, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she slipped and fell on food that had fallen on the floor of the defendants' store. The plaintiff subsequently commenced this action against the defendants, alleging that they had negligently permitted a hazardous condition to exist on the floor of the premises. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court granted the motion, and the plaintiff appeals.

"A defendant who moves for summary judgment in a slip-

and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *see Finch v Dake Bros., Inc.*, 139 AD3d 1001, 1002 [2016]; *Diers v King Kullen Grocery Co., Inc.*, 134 AD3d 666 [2015]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Finch v Dake Bros., Inc.*, 139 AD3d at 1002; *Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]; *Warren v Walmart Stores, Inc.*, 105 AD3d 732, 733 [2013]).

Here, the evidence submitted by the defendants in support of the motion, which included their maintenance record for the day of the incident, was sufficient to establish, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it (*see Morahan-Gick v Costco Wholesale Corp.*, 116 AD3d 747, 748 [2014]; *Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]; *Lee v Port Chester Costco Wholesale*, 82 AD3d 842 [2011]; *Dragotta v Walmart, Inc.*, 39 AD3d 800, 801 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Austin, Roman and Cohen, JJ., concur.