Palladino v Monadnock Constr., Inc. (2018 NY Slip Op 05183)





Palladino v Monadnock Constr., Inc.


2018 NY Slip Op 05183


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-07638
 (Index No. 10588/13)

[*1]Anthony Palladino, respondent, 
v
Monadnock Construction, Inc., appellant.


London Fischer LLP, New York, NY (David B. Franklin of counsel), for appellant.
Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator and Carolyn Canzoneri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated June 15, 2016. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff, a former police officer, allegedly was injured when he fell on the site of a construction project while pursuing robbery suspects. Claiming that he had tripped due to "construction debris," the plaintiff commenced this action against the defendant, the general contractor for the construction project, to recover damages for personal injuries. The complaint asserted causes of action alleging negligence and violation of General Municipal Law § 205-e. The defendant moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied the motion. The defendant appeals.
The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action. The defendant established, prima facie, that it did not create or have actual or constructive notice of any dangerous condition on the premises (see Carriero v St. Charles/Resurrection Cemetery, 156 AD3d 858, 859; Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d 710, 711; see also General Obligations Law § 11-106). In particular, the defendant's construction manager testified at his deposition that inspections of the subject area were performed prior to the accident, which did not reveal the existence of any dangerous conditions (see Sohi v Costco Wholesale Corp., 144 AD3d 1130, 1131; Morahan-Gick v Costco Wholesale Corp., 116 AD3d 747, 748). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff claimed to have tripped on "construction debris," he testified at his deposition that he did not see any debris. Nor could he identify the alleged debris or otherwise describe it. Under the circumstances, the evidence was insufficient to raise a triable issue of fact as to the existence of a dangerous condition created by the defendant, or of which the defendant had actual or constructive notice.
The defendant also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the General Municipal Law § 205-e cause of action. "A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (Quinto v New York City Tr. Auth., 7 AD3d 689, 689-690; see Williams v City of New York, 2 NY3d 352, 363-364). Here, the defendant demonstrated, prima facie, that the cited regulations pertaining to public streets and sidewalks (see Administrative Code of the City of New York §§ 19-152, 19-109) did not apply, since the area in question was closed to the public during the construction, including at the time of the plaintiff's accident. The defendant further demonstrated that it did not violate any of the remaining statutes and regulations cited by the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court