Falco-Averett v Wal-Mart Stores, Inc. (2019 NY Slip Op 05388)





Falco-Averett v Wal-Mart Stores, Inc.


2019 NY Slip Op 05388


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-04902
 (Index No. 13289/14)

[*1]Frances Falco-Averett, etc., et al., appellants,
v
Wal-Mart Stores, Inc., et al., respondents.


Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for appellants.
Brody, O'Connor & O'Connor, Northport, NY (Thomas M. O'Connor, Patricia A. O'Connor, and Aisha Brosnan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated March 28, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Frances Falco-Averett (hereinafter the plaintiff), and her husband suing derivatively, commenced this action to recover damages for personal injuries the plaintiff alleges she sustained when she slipped and fell on a blue liquid in a store owned by the defendants. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
"In a premises liability case, a defendant [real] property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453; see Warren v Walmart Stores, Inc., 105 AD3d 732, 733). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Brennan v Wappingers Cent. Sch. Dist., 164 AD3d 640, 641). "In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Campbell v New York City Tr. Auth., 109 AD3d 455, 456; see Spano v Apogee Retail NY, LLC, 164 AD3d 1495, 1496).
Contrary to the plaintiff's contention, the defendants established their prima facie entitlement to judgment as a matter of law through the affidavit of an employee and video surveillance footage of the incident, which demonstrated that the defendants had no actual or constructive notice of the blue liquid prior to the subject accident (see Finch v Dake Bros., Inc., 139 [*2]AD3d 1001, 1002; Warren v Walmart Stores, Inc., 105 AD3d at 733). In opposition, the plaintiff failed to raise a triable issue of fact (see Alverez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court