Plante v 9615 Shore Rd. Tenants Corp. (2020 NY Slip Op 04979)





Plante v 9615 Shore Rd. Tenants Corp.


2020 NY Slip Op 04979


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09772
 (Index No. 7395/14)

[*1]Ozen Gokalan Plante, et al., respondents, 
v
9615 Shore Road Tenants Corp., et al., defendants, Albert Talisse, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Law Offices of Ira M. Perlman, P.C. and Robet D. Rosen, P.C., Great Neck, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Albert Talisse appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 28, 2018. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Albert Talisse which was for summary judgment dismissing the amended complaint insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant 9615 Shore Road Tenants Corp. (hereinafter 9615 Tenants) owns a cooperative apartment building in Brooklyn. The defendant Narrows Management of Bay Ridge, Inc. (hereinafter Narrows), was the property manager of the building at the relevant time. The defendant Albert Talisse owned an apartment in the building and sublet it to a friend named Michael Lubrano. On January 18, 2014, Lubrano died. On February 1, 2014, Lubrano's family members were moving his personal possessions out of the apartment when a bottle of liquor fell out of a box or off of a cart they were using, and broke in the lobby. The plaintiff Ozen Gokalan Plante (hereinafter the injured plaintiff), another tenant of the building, allegedly slipped on the remnants of the spill and was injured. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. Talisse moved for summary judgment dismissing the amended complaint insofar as asserted against him, as well as the cross claims asserted against him by 9615 Tenants and Narrows (hereinafter together the building defendants). In an order dated June 28, 2018, the Supreme Court denied the motion. Talisse appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and [*2]remedy it" (Coker v McMillan, 177 AD3d 680, 681; see Steele v Samaritan Found., Inc., 176 AD3d 998, 999). The evidence submitted in support of Talisse's motion established, prima facie, that he did not create or have actual or constructive notice of the alleged dangerous condition of the broken bottle of liquor (see Diers v King Kullen Grocery Co., Inc., 134 AD3d 666, 666; Alami v 215 E. 68th St., L.P., 88 AD3d 924, 925). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Talisse's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him (see Diers v King Kullen Grocery Co., Inc., 134 AD3d 666).
However, we agree with the Supreme Court's determination to deny that branch of Talisse's motion which was for summary judgment dismissing the cross claims asserted against him by the building defendants. In support of his motion, Talisse failed to submit a copy of the cross claims or identify in any manner what cross claims were asserted against him. Accordingly, he failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the cross claims, and we agree with the court's determination to deny that branch of Talisse's motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the parties' remaining contentions.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court