Martinez v Inserra Supermarkets, Inc. (2020 NY Slip Op 06115)





Martinez v Inserra Supermarkets, Inc.


2020 NY Slip Op 06115


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-13328
 (Index No. 36398/13)

[*1]Julia Martinez, appellant, 
v
Inserra Supermarkets, Inc., etc., respondent.


Adams Law Firm, P.C., Bardonia, NY, for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Thomas M. Bona and Patrice M. Coleman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated November 1, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she slipped and fell on a puddle of liquid on the walkway/sidewalk abutting the defendant's supermarket. The Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Diers v King Kullen Grocery Co., Inc., 134 AD3d 666). Here, in support of its motion, the defendant submitted evidence sufficient to establish, prima facie, that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy the condition. Although the evidence demonstrated that the defendant may have had notice of the spill which allegedly caused the plaintiff's fall, the evidence further established that the defendant did not have a reasonable time to remedy that condition prior to the accident (see Byrd v Walmart, Inc., 128 AD3d 629; Rallo v Man-Dell Food Stores, Inc., 117 AD3d 705, 706; Alami v 215 E. 68th St., L.P., 88 AD3d 924). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court