Kern v Iona Coll. (2024 NY Slip Op 04128)

Kern v Iona Coll.

2024 NY Slip Op 04128

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-02026
 (Index No. 616468/18)

[*1]Richard Kern, appellant, 
v
Iona College, respondent (and a third-party action).

Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains, NY (Michael Flake of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated March 1, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 28, 2015, the plaintiff allegedly was injured when he tripped and fell in a hole on the East Hill Hall lawn area at the defendant, Iona College, while setting up an inflatable movie screen. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that it did not create the alleged dangerous condition or have actual or constructive notice of it. In an order dated March 1, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Baez v Willow Wood Assoc., LP, 159 AD3d 785, 785; see Kuyenova v R & M Supermarket, 215 AD3d 940, 941; Morahan-Gick v Costco Wholesale Corp., 116 AD3d 747, 748). A defendant has constructive notice of a hazardous condition when the condition is visible and apparent and has existed for a sufficient length of time prior to the accident to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its initial burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's accident (see Baez v Willow Wood Assoc., LP, 159 AD3d at 785; Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951).
Here, the defendant established, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive knowledge of its existence. In support of its motion, the defendant submitted, inter alia, maintenance records for August 26, 2015, the affidavit [*2]of its groundskeeper who averred that he inspected every part of the lawn area at issue that day and did not see any holes, and a transcript of the plaintiff's deposition testimony in which the plaintiff testified that he inspected the lawn area prior to setting up the movie screen and did not see any holes (see Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641, 642; Morahan-Gick v Costco Wholesale Corp., 116 AD3d at 748). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court