Quinones v Long Is. Jewish Med. Ctr. (2024 NY Slip Op 04471)

Quinones v Long Is. Jewish Med. Ctr.

2024 NY Slip Op 04471

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-02278
2022-08958
 (Index No. 520049/17)

[*1]Charlene Quinones, appellant, 
v
Long Island Jewish Medical Center, et al., defendants, Steven Ravich, etc., respondent.

David Horowitz, P.C., New York, NY (David Fischman of counsel), for appellant.
Furman Kornfeld & Brennan LLP (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated February 22, 2022, and (2) an order of the same court dated October 6, 2022. The order dated February 22, 2022, granted the motion of the defendant Steven Ravich to strike the plaintiff's amended bill of particulars dated April 2, 2021, to strike the plaintiff's supplemental bill of particulars dated June 16, 2021, and to preclude the plaintiff from introducing certain evidence at trial, and denied the plaintiff's cross-motion for leave to serve the plaintiff's amended bill of particulars dated April 2, 2021, and the plaintiff's supplemental bill of particulars dated June 16, 2021. The order dated October 6, 2022, denied the plaintiff's motion, in effect, for leave to reargue.
ORDERED that the appeal from the order dated October 6, 2022, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 22, 2022, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for leave to serve the plaintiff's supplemental bill of particulars dated June 16, 2021, and substituting therefor a provision granting that branch of the cross-motion to the extent of permitting the plaintiff to serve a supplemental bill of particulars containing the allegations included in the plaintiff's supplemental bill of particulars dated June 16, 2021, that relate to the plaintiff's postoperative physical therapy and care, and otherwise denying that branch of the cross-motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Steven Ravich which was to preclude the plaintiff from offering evidence at trial relating to her postoperative physical therapy and care, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated February 22, 2022, is affirmed, without costs or disbursements.
In 2017, the plaintiff underwent a knee replacement surgery at the defendant Long Island Jewish Medical Center, performed by the defendant Steven Ravich. The day after the surgery, the plaintiff was undergoing prescribed physical therapy when her knee allegedly buckled and she [*2]fell. She was determined to have suffered a fracture of her right femur.
The plaintiff commenced this action on October 17, 2017. Her complaint alleged, inter alia, negligence against Ravich relating to Ravich's prescription and management of the plaintiff's physical therapy. In January 2018, Ravich served the plaintiff with a demand for a bill of particulars. In November 2018, the plaintiff served a responsive bill of particulars. That bill of particulars reiterated the allegations of negligence and malpractice relating to the plaintiff's postoperative physical therapy and responded in the negative to Ravich's demand for the "surgical procedure or procedures" the plaintiff intended to claim Ravich had improperly performed.
On April 2, 2021, the plaintiff served an amended bill of particulars on Ravich (hereinafter the first amended bill). The first amended bill, inter alia, included allegations that Ravich had been negligent in the performance of the knee replacement surgery. On June 16, 2021, the plaintiff served what she termed a "Verified Supplemental Bill of Particulars" on Ravich (hereinafter the second amended bill), which included similar new allegations of surgical malpractice, as well as allegations related to preoperative and postoperative care. The plaintiff filed a note of issue on July 1, 2021.
On June 30, 2021, Ravich moved to strike the first amended bill pursuant to CPLR 3042(b), to strike the second amended bill pursuant to CPLR 3043(b), and to preclude the plaintiff from introducing certain evidence at trial. The plaintiff opposed Ravich's motion and cross-moved for leave to serve the first amended bill and the second amended bill. By order dated February 22, 2022 (hereinafter the February order), the Supreme Court granted Ravich's motion to strike both the first amended bill and the second amended bill and to preclude the plaintiff from introducing certain evidence at trial and denied the plaintiff's cross-motion for leave to serve the same.
In April 2022, the plaintiff moved for leave to serve what she termed an "Amended/Supplemental Verified Bill of Particulars" (hereinafter the third amended bill), which included, largely, allegations previously included in the second amended bill, related to postoperative care. By order dated October 6, 2022 (hereinafter the October order), the Supreme Court denied the plaintiff's motion as, in effect, a motion for leave to reargue.
The plaintiff appeals from both the February order and the October order.
A party is entitled to amend their bill of particulars "once as of right at any time prior to filing the note of issue" (Mackauer v Parikh, 148 AD3d 873, 877). A bill of particulars "may be used to amplify the allegations in a complaint [but] may not be used to supply allegations essential to a cause of action that was not pleaded in the complaint" (Alami v 215 E. 68th St., L.P., 88 AD3d 924, 925-926 [citations omitted]). Nor can a bill of particulars "add or substitute a new theory or cause of action" not asserted in the complaint (Castleton v Broadway Mall Props., Inc., 41 AD3d 410, 411 [internal quotation marks omitted]).
Although the second amended bill was denominated as a "Supplemental Bill of Particulars," we may disregard the plaintiff's mistake in labeling her bill of particulars where, as here, a substantial right of a party will not be prejudiced (see CPLR 2001; Mackauer v Parikh, 148 AD3d at 877).
The Supreme Court properly granted that branch of Ravich's motion which was to strike the first amended bill, as the plaintiff alleged a new cause of action alleging malpractice and negligence in performing the knee replacement surgery, which was not previously set forth in the complaint or original bill of particulars (see Alami v 215 E. 68th St., L.P., 88 AD3d at 925; Dalrymple v Koka, 295 AD2d 469, 469). Further, the court properly granted that branch of Ravich's motion which was to strike that portion of the second amended bill that alleged malpractice and negligence in the plaintiff's preoperative care, as well as malpractice and negligence in performing the knee replacement surgery, as these causes of action were not previously set forth in the complaint or original bill of particulars (see Alami v 215 E. 68th St., L.P., 88 AD3d at 925; Dalrymple v Koka, 295 AD2d at 469). However, the court should have granted the plaintiff leave [*3]to serve a supplemental bill of particulars with respect to the allegations included in the second amended bill related to postoperative physical therapy and care, as they only served to amplify the allegations in the complaint (see Alami v 215 E. 68th St., L.P., 88 AD3d at 925), and should have denied that branch of Ravich's motion which was to preclude the plaintiff from offering evidence at trial relating to her postoperative physical therapy and care.
With respect to the October order, the motion by the plaintiff was, in actuality, a motion for leave to reargue. Thus, the appeal from the October order, which denied that motion, must be dismissed, as the denial of reargument is not appealable (see Lancer Ins. Co. v Cortes, 208 AD3d 1176, 1179).
The parties' remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court