Tabertus v Bushwick Ctr. for Rehabilitation & Healthcare

2026 NY Slip Op 03196

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Annilant Tabertus, etc., et al., appellants,

v

Bushwick Center for Rehabilitation and Healthcare, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-10964, (Index No. 510440/18)

Betsy Barros, J.P.

Linda Christopher

Carl J. Landicino

Laurence L. Love, JJ.

Law Offices of K.C. Okoli, P.C., New York, NY, for appellants.

Wilson Elser Edelman Moskowitz & Dicker LLP, White Plains, NY (Lori R. Semlies and Steven V. DeBraccio of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated September 4, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Bushwick Center for Rehabilitation and Healthcare which was to strike the cause of action alleging violations of Public Health Law §§ 2801-d and 2803-c(3)(e) from the plaintiffs' proposed supplemental bill of particulars, and denied that branch of the plaintiffs' cross-motion which was for leave to serve a supplemental bill of particulars containing alleged violations of Public Health Law §§ 2801-d and 2803-c(3)(e) upon that defendant.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for medical malpractice and wrongful death against the defendant Bushwick Center for Rehabilitation and Healthcare (hereinafter Bushwick), among others. As alleged in the complaint, the plaintiffs are the parents of Eddy Tabertus (hereinafter the decedent) and the administrators of his estate. In September 2017, the decedent allegedly suffered cardiac arrest at Bushwick, where he resided and regularly received care, and was pronounced dead shortly thereafter. The decedent's death allegedly was caused by the failure of the defendants to properly administer a course of Heparin.

The plaintiffs served a bill of particulars in May 2019. In June 2024, the plaintiffs served a supplemental bill of particulars, which alleged, inter alia, that Bushwick violated the decedent's rights under Public Health Law §§ 2801-d and 2803-c(3)(e). In July 2024, Bushwick moved, among other things, pursuant to CPLR 3043 and 3211 to strike the cause of action alleging violations of Public Health Law §§ 2801-d and 2803-c(3)(e) from the plaintiffs' proposed supplemental bill of particulars. The plaintiffs cross-moved, among other things, for leave to serve a supplemental bill of particulars containing alleged violations of Public Health Law §§ 2801-d and 2803-c(3)(e) upon Bushwick. In an order dated September 4, 2024, the Supreme Court granted that branch of Bushwick's motion and denied that branch of the plaintiffs' cross-motion. The plaintiffs appeal.

"When no prejudice or unfair surprise exists, leave to amend pleadings, or to supplement a bill of particulars, should be liberally granted" (Ferreira v Unico Serv. Corp., 262 AD2d 524, 525). "The bill of particulars, the purpose of which is to amplify the pleadings, limits the proof, and prevent surprise at the trial . . . , may add specific statements of fact to a general allegation in the pleading but cannot add or substitute a new theory or cause of action" (Castleton v Broadway Mall Props., Inc., 41 AD3d 410, 411). Here, the plaintiffs' proposed supplemental bill of particulars contained a cause of action alleging violations of Public Health Law §§ 2801-d and 2803-c(3)(e), which was not pleaded in the complaint. The cause of action alleging violations of Public Health Law §§ 2801-d and 2803-c(3)(e) is distinct from the medical malpractice and negligence causes of action that were pleaded in the complaint (see Jenack v Goshen Operations, LLC, 222 AD3d 36, 39) and cannot be added by way of the proposed supplemental bill of particulars (see Quinones v Long Is. Jewish Med. Ctr., 230 AD3d 1257, 1259; Castleton v Broadway Mall Props., Inc., 41 AD3d at 411).

The plaintiffs' remaining contention is without merit.

Accordingly, we affirm the order insofar as appealed from.

BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court